960 P.2d 644

**STATE of Arizona, Respondent,**

v.

**Kevin Lewis McDONALD, Petitioner.**

**No. 1CA–CR97–0542–PR.**

Court of Appeals of Arizona,
Division 1, Department A.

June 16, 1998.

As Amended June 18, 1998.

Richard M. Romley, Maricopa County by Gerald R. Grant, Deputy County Attorney, Phoenix, for Respondent.

Kevin Lewis McDonald, Florence, in pro. per.

PATTERSON, Judge.

¶ 1 Kevin Lewis McDonald (defendant) petitions this court to review the summary dismissal of his petition for post-conviction relief. We grant review and for the reasons stated deny relief.

## PROCEDURAL BACKGROUND

¶ 2 Defendant was convicted of aggravated assault, a class three dangerous felony. The court found that defendant had committed the offense while on probation. Pursuant to former Arizona Revised Statutes Annotated (A.R.S.) section 13–604.02(A), the court sentenced defendant to life imprisonment with no possibility of release before he served twenty-five years of the term. The court ordered defendant to serve the twenty-five year term concurrently with sentences imposed on two other cause numbers.

¶ 3 This court affirmed defendant's conviction and sentence in *State v. McDonald,* 1 CA–CR 90–1106, 90–1107, 90–1115 (consolidated) (Mem. Dec. Sept. 5, 1991). With the assistance of appointed counsel, defendant filed his first petition for post-conviction relief in 1992 alleging ineffective assistance of trial counsel. After an evidentiary hearing, the court denied relief.

¶ 4 Defendant filed his second notice of post-conviction relief and accompanying petition in February 1997. He requested counsel to represent him in this proceeding. He also claimed that the life sentence imposed pursuant to former A.R.S. section 13–604.02(A) is illegal and that under former A.R.S. section 13–604 and *State v. Tarango,* 182 Ariz. 246, 895 P.2d 1009 (App.1995), *aff'd,* 185 Ariz. 208, 914 P.2d 1300 (1996), the maximum sentence which can be imposed is fifteen years.[1]

¶ 5 The trial court did not appoint counsel for defendant and summarily dismissed the petition pursuant to Rule 32.6(c) of the Arizona Rules of Criminal Procedure. De-

fendant filed a petition for review to this court claiming the trial court erred in failing to appoint counsel to represent him and in refusing to modify his sentence under *Tarango.*

## DISCUSSION

¶ 6 This court reviews the grant or denial of post-conviction relief for an abuse of discretion. *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). We find no abuse of discretion in this case.

A. Appointment of Counsel

¶ 7 Defendant claims the trial court should have appointed counsel to represent him in this post-conviction relief proceeding. We disagree. Rule 32.4(c) of the Arizona Rules of Criminal Procedure provides in pertinent part that:

Upon the filing of . . . the first notice in a non-capital case, or the second or subsequent notice in a non-capital case which, for the first time, raises a claim of ineffective assistance of counsel, the presiding judge shall appoint counsel for the defendant within 15 days if requested and the defendant is determined to be indigent. Upon the filing of all other notices in non-capital cases, the appointment of counsel in successive or untimely petitions is within the discretion of the presiding judge.

In this case, defendant filed his second notice of post-conviction relief. Defendant had previously raised a claim of ineffective assistance of trial counsel in his first post-conviction relief proceeding in which counsel was appointed. The trial court was not required to nor did it abuse its discretion in failing to appoint counsel for defendant in this proceeding.

B. Application of *Tarango*

¶ 8 Defendant next claims he must be resentenced under former A.R.S. section 13–604 and *Tarango* and that the maximum sentence which can be imposed is fifteen years. We reject this argument.

---

1. The applicable sentencing statutes were amended effective January 1, 1994. 1993 Ariz. Sess. Laws, Ch. 255, §§ 7,9.

¶ 9    In *Tarango,* this court first discussed the conflict between former A.R.S. section 13–604(D), which made the defendant there parole-eligible after serving two-thirds of her sentence, and former A.R.S. section 13–3408(D), a drug offense statute, which provided that the defendant must serve her entire sentence without parole.  182 Ariz. at 250–52, 895 P.2d at 1013–15.  We found the language of former A.R.S. section 13–604(K) dispositive.  *Id.* at 251, 895 P.2d at 1014.  That section provided in part that:

> The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction, the dangerous nature of the felony or the allegation that the defendant committed a felony while released on bond or on his own recognizance as provided in subsection M of this section is charged in the indictment or information and admitted or found by the trier of fact.

This court concluded that "the sentencing provisions governing repetitive offenses must apply when, as in this case, an allegation of prior convictions is made by the state and admitted by defendant at trial."  *Id.*  The court noted that "[i]n reaching this conclusion, we do no more than follow the clear directive of former A.R.S. section 13–604 that its provisions shall prevail when in conflict with other statutory provisions."  *Id.*

¶ 10    The supreme court agreed with this court that the language of former A.R.S. section 13–604(K) is plain and unambiguous.  *Tarango,* 185 Ariz. at 209, 914 P.2d at 1301.  It held that "[w]hen the state seeks enhanced penalties for repeat offenders, former A.R.S. § 13–604 provides an exclusive sentencing scheme."  *Id.* at 209–10, 914 P.2d at 1301–02.

¶ 11    In this case, defendant was convicted of aggravated assault, a class three felony.  The state alleged the dangerous nature of the felony and the offense was found to be dangerous under former A.R.S. section 13–604(K).  However, defendant was sentenced under former A.R.S. section 13–604.02(A), which provides in pertinent part that:

> *Notwithstanding any provision of law to the contrary,* a person convicted of any felony offense involving the use or exhibition of a deadly weapon or dangerous instrument, the intentional or knowing infliction of serious physical injury upon another, a violation of any felony provision of § 13–3404.01, a violation of § 13–3405 involving an amount of marijuana having a weight at the time of seizure of eight pounds or more, a felony violation of § 13–3406 or any violation of §§ 13–3407 through 13–3409 if committed while the person is on probation for a conviction of a felony offense or parole, work furlough or any other release or escape from confinement for conviction of a felony offense shall be sentenced to life imprisonment and is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the person has served not less than twenty-five years.

(emphasis added).

¶ 12    The conflict between sentencing provisions that existed in *Tarango* is not present in this case.  The language of A.R.S. section 13–604.02(A) clearly evidences a legislative intent that, notwithstanding any other statutory provisions, the sentencing provisions of that section apply when a person commits an offense while released from confinement, including while on probation.  The sentencing provisions under former A.R.S. section 13–604 and former A.R.S. section 13–604.02(A) deal with different circumstances and can be applied independently.  *Cf. State v. Torrez,* 141 Ariz. 537, 540, 687 P.2d 1292, 1295 (App. 1984) (no conflict between former A.R.S. § 13–604(C) and former A.R.S. § 13–604.01(B) and each can be applied independently).  Because former A.R.S. section 13–604.02(A) by its plain terms specifically and exclusively governs the sentencing of a defendant who commits a crime while on probation, its provisions apply and defendant must serve his entire sentence without possibility of release for twenty-five years.  *Tarango* does not change the result in this case.

## CONCLUSION

¶ 13    We find that the trial court did not abuse its discretion in denying post-convic-

tion relief.   Accordingly, we grant review but
deny relief.

THOMPSON and TOCI, JJ., concur.