972 P.2d 1032

STATE of Arizona, Respondent,

v.

Stephen Ross RABOY, Petitioner.

No. 1 CA–CR 97–0378–PR.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 18, 1998.

Review Denied Feb. 23, 1999.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, Attorneys for Respondent.

Stephen Ross Raboy, Florence, Petitioner In Propria Persona.

LANKFORD, Judge.

¶ 1  Stephen Ross Raboy ("Petitioner") petitions this Court to review the dismissal of his notice of post-conviction relief.  In his notice, he argued that, under *State v. Tarango*, 185 Ariz. 208, 914 P.2d 1300 (1996), he could not be sentenced to a flat-time, enhanced term of imprisonment because the enhancement statute specifically provides for early release.  He asks that we reverse the dismissal of the notice and remand for resentencing.

■  ¶ 2  The issue is whether Petitioner's sentence, enhanced under one statute, is also required to be served without early release pursuant to another statute.  We have determined that a sentence enhanced pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 13–604 may also be for a "flat-time" period, *i.e.*, without the possibility of early release, pursuant to A.R.S. section 13–604.02(B).  Accordingly, we deny the requested relief.

¶ 3  In February 1987, a jury found Petitioner guilty of robbery, a class 4 felony.  Petitioner admitted to three prior felony convictions.  The trial court found that he was on parole at the time he committed the offense and sentenced him as a repetitive offender to an aggravated flat-time sentence of twelve years imprisonment.  Pursuant to A.R.S. sections 13–701(C)(3) [1] and 13–702(A), a class 4 felony, such as robbery, is subject to a presumptive four year term, with a sentencing range of two to five years.

¶ 4  Because Petitioner had admitted to the prior felony convictions, his sentence was subject to enhancement pursuant to A.R.S. section 13–604(C).  That statute provides

---

1.  Though A.R.S. §§ 13–604, 13–604.02 and 13–701 were amended effective January 1, 1994, all statutory references are to the statutes as they existed at the time of Petitioner's sentencing in 1987.

that a class 4 felony with two or more prior felony convictions has a sentencing range of not less than twice and no more than three times the sentence authorized by A.R.S. section 13–701. As a result, the enhanced sentencing range is eight to twelve years with a presumptive term of ten years. This statute also provides that a defendant may be eligible for certain types of release after serving at least two-thirds of the sentence imposed.

¶ 5 Because Petitioner was on parole when he committed the robbery, the sentencing court concluded that he was not eligible for early release. A.R.S. section 13–604.02(B) provides that a defendant convicted of committing any felony offense (except those listed in A.R.S. section 13–604.02(A)), while on post-conviction release, is required to serve flat-time, *i.e.*, is ineligible for release until the entire sentence is served. Thus, Petitioner received a sentence both enhanced under A.R.S. section 13–604(C) and rendered flat-time by A.R.S. section 13–604.02(B).

¶ 6 After filing an unsuccessful direct appeal, Petitioner filed the notice of post-conviction relief. The superior court initially dismissed the notice on the grounds that it was untimely.[2] The court subsequently granted Petitioner's motion for reconsideration and ruled that the notice was timely. It then summarily dismissed the notice, however, stating that the holding in *Tarango* was not applicable to Petitioner's sentencing. Petitioner filed a timely petition for review from the trial court's dismissal. We grant review and deny relief because we agree with the superior court that Petitioner's sentence was proper under the statutes and that *Tarango* is not controlling.

¶ 7 *Tarango* does not govern because different statutes were involved. · In that case, the trial court sentenced the defendant for a drug offense under A.R.S. section 13–3408(D) to an aggravated term as a repetitive offender under A.R.S. section 13–604(D). 185 Ariz. at 209, 914 P.2d at 1301. The defendant argued that, under the enhanced penalty structure of A.R.S. section 13–604(D), she was parole eligible after serving two-thirds of

her sentence for drug offenses, even though A.R.S. section 13–3408(D) required a flat-time sentence for drug offenses. *Id.* The court of appeals agreed, relying on the language of A.R.S. section 13–604(K) that "[t]he penalties prescribed by [A.R.S. section 13–604] shall be substituted for the penalties otherwise authorized by law if the previous convictions ... [are] charged in the indictment or information and admitted or found by the trier of fact." *Id.* The supreme court affirmed the decision. *Id.* In other words, the flat-time provision of A.R.S. section 13–3408(D) was supplanted by A.R.S. section 13–604(K), which made the enhancement provisions—including the early release provision—of A.R.S. section 13–604 solely applicable.

¶ 8 In contrast to the flat-time provision involved in *Tarango*, the provision under which Petitioner was sentenced to flat-time includes language making it applicable despite A.R.S. section 13–604(K). That statute, A.R.S. section 13–604.02(B), states that the punishment it prescribes is effective "[n]otwithstanding any provision of law to the contrary...." As a result of this language, Petitioner is subject to both the enhancement of A.R.S. section 13–604 and the flat-time provision in A.R.S. section 13–604.02.

¶ 9 We recently held that both enhancement under A.R.S. section 13–604 and flat-time sentencing under A.R.S. section 13–604.02(A) could apply in a given case. In *State v. McDonald*, 960 P.2d 644, 646 (App. 1998), we said: "The sentencing provisions of A.R.S. section 13–604 and former A.R.S. section 13–604.02(A) deal with different circumstances and can be applied independently." In other words, A.R.S. section 13–604 addresses repetitive offenses, while A.R.S. section 13–604.02 addresses offenses that occur while the accused is released from confinement. *Tarango*, which did not involve A.R.S. section 13–604.02, is not controlling. *Id.*

¶ 10 We agree with *McDonald* that "[t]he language of A.R.S. section 13–604.02(A) clearly evidences a legislative intent that, notwithstanding any other statuto-

---

**2.** The minute entry erroneously states that the petition was dismissed. The preceding language of the minute entry makes it clear that the notice

was before the court and was considered untimely. No petition was filed.

ry provisions, the sentencing provisions of that section apply when a person commits an offense while released from confinement...." *Id.* If the statute were interpreted otherwise, then we would fail to effectuate all of the consequences prescribed by the legislature for an offense committed under the present circumstances. The legislature enhanced a sentence for an offense committed with prior felony convictions. It also made flat-time a sentence for an offense committed while on release. If a defendant who has prior felonies *and* who commits the offense while on release receives an enhanced sentence but not flat-time, then he escapes the consequences intended by the legislature for committing an offense while on release. Only an enhanced, flat-time sentence—the sentence ordered by the superior court here—imposes the full measure of punishment envisioned by the legislature.

¶ 11 We affirm the trial court's dismissal of the notice of post-conviction relief.

NOEL FIDEL, Presiding Judge, and SARAH D. GRANT, Judge, concur.