991 P.2d 256

**The STATE of Arizona, Petitioner,**

v.

**Marvin Darneal JOHNSON, Respondent.**

**No. 2 CA–CR 97–0624–PR.**

Court of Appeals of Arizona, Division 2, Department A.

March 16, 1999.

Review Denied Nov. 30, 1999.

Janet Napolitano, Arizona Attorney General By Richard E. Gordon, Tucson, for petitioner.

Susan A. Kettlewell, Pima County Public Defender By Susan M. Quillin, Tucson, for respondent.

## OPINION

PELANDER, Presiding Judge.

¶1 The state petitions for review of the trial court's order granting respondent's petition for post-conviction relief and ruling that he was entitled to be reclassified as eligible for parole pursuant to the holding in *State v. Tarango,* 185 Ariz. 208, 914 P.2d 1300 (1996). We agree with the state that the court erred in finding that *Tarango* applied and in granting relief.

¶2 Respondent was convicted in 1990 of armed robbery, a class two felony committed while he was on probation and with one prior felony conviction. He was originally sentenced to an aggravated prison term of twenty years but was resentenced in 1994 to an aggravated term of seventeen years after he filed a petition for post-conviction relief. This court affirmed the denial of post-conviction relief on the remaining claims and on a second petition filed pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S. *State v. Johnson,* 2 CA–CR 95–0246–PR, 2 CA–CR 95–0355–PR (consolidated) (memorandum decision filed January 25, 1996).

¶3 Respondent filed a third Rule 32 petition in 1997, arguing that *Tarango* was a significant change in the law that entitled him to be reclassified as eligible for parole after serving two-thirds of his sentence. The trial court granted relief, finding that respondent had been sentenced pursuant to both A.R.S. §§ 13–604(B) and 13–604.02(B), that § 13–604 does not specifically exclude § 13–604.02 from its reach, that § 13–604 provides the exclusive sentencing provisions for repeat and dangerous offenders, and that respondent's parole eligibility must be calculated pursuant to § 13–604(B) as it read in May 1989 when he committed the offense. The state then petitioned for review. Although we normally review a trial court's ruling on a petition for post-conviction relief for an abuse of discretion, *State v. Schrock,* 149 Ariz. 433, 719 P.2d 1049 (1986), we review a question of statutory interpretation de novo. *Turf Paradise, Inc. v. Maricopa County,* 179 Ariz. 337, 878 P.2d 1375 (App.1994).

¶4 In *Tarango,* the supreme court held that the defendant was eligible for parole after serving two-thirds of her sentence. She had been sentenced under both § 13–604, which required her to serve two-thirds of the sentence imposed, and A.R.S. § 13–3408, which required her to serve the entire sentence imposed.

¶5 At the time respondent committed his offense, § 13–604(B) commenced, "[e]xcept as provided in subsection G of this section or section 13–604.01," and required a person sentenced for a class two or three felony with a prior felony conviction to serve at least two-thirds of the sentence imposed. 1987 Ariz. Sess. Laws, ch. 307, § 3. Section 13–604.02(B), on the other hand, commenced, "[n]otwithstanding any provision of law to the contrary," and required a person convicted of any felony, other than those listed in § 13–604.02(A), committed while the person was on probation, parole, or similar release status to serve the full sentence imposed.1987 Ariz. Sess. Laws, ch. 307, § 5.

¶6 The trial court focused on the lack in § 13–604(B) of a specific exception for § 13–604.02, citing the legislative history of § 13–604 and finding this case similar to *Tarango.* In doing so, however, it overlooked the difference in language between the drug offense statute at issue in *Tarango,* § 13–3408, and § 13–604.02. Section 13–3408 contained no language about statutory priorities, while then § 13–604(K) stated: "The penalties provided by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction ... is charged in the indictment ... and admitted or found by the trier of fact." The supreme court in *Tarango* rejected the state's argument that § 13–3408 had implicitly repealed the exclusive penalty language of § 13–604(K) and held that the latter section prevailed, providing an exclusive sentencing scheme for repeat offenders.

¶7 Section 13–604 initially became effective in 1978; § 13–604 .02 was first enacted as § 13–604.01 in 1982. 1977 Ariz. Sess. Laws, ch. 142, § 48; 1982 Ariz. Sess. Laws, ch. 322, § 2. Until 1985, § 13–604(B) listed a single exception: "Except as provided in subsection G of this section." 1977 Ariz. Sess. Laws, ch. 142, § 48. In 1985, § 13–604.01 was renumbered as § 13–604.02, a new § 13–604.01 was adopted that classified certain offenses as dangerous crimes against chil-

dren and created a sentencing scheme for them, and § 13–604(B) was amended to add another exception: "Except as provided in subsection G of this section or section 13–604.01." 1985 Ariz. Sess. Laws, ch. 364, §§ 5, 6, and 4.

¶ 8 The trial court's observation that § 13–604.02 is not one of the exceptions listed in § 13–604 implies that it was required to be listed. Section 13–604.02(B), however, expressly provided that it applied "[n]otwithstanding any provision of law to the contrary." Thus, the language of § 13–604 is applicable to a repetitive offense, and a defendant sentenced only under that section must serve two-thirds of the sentence before being eligible for parole. When the state, however, alleges and proves not only that the defendant had a prior conviction, but also that the defendant was on release from confinement for a felony conviction at the time the current offense was committed, the language of § 13–604.02 applies, and the defendant must serve the entire sentence. The language of § 13–604.02 is clearly more encompassing than that of § 13–604, notwithstanding the language of former § 13–604(K), upon which respondent relies. Because § 13–604.02 sweeps more broadly, and because it was enacted after § 13–604, the legislature did not need to specifically list it as an exception to the language of former § 13–604(B).[1] *See In re Guardianship/Conservatorship of Denton,* 190 Ariz. 152, 945 P.2d 1283 (1997) (even when two statutes arguably conflict, generally the more recent, specific statute governs over the older, more general statute).

¶ 9 Division One of this court recently reached a similar conclusion in *State v. Raboy,* 193 Ariz. 396, 972 P.2d 1032 (App.1998), finding that the defendant there was subject to both the sentence enhancement of § 13–604 and the flat-time requirement of § 13–604.02. *See also State v. McDonald,* 192 Ariz. 44, 960 P.2d 644 (App.1998) (former §§ 13–604(K) and 13–604.02(A) apply independently). We agree with that court's analysis and conclusions in those cases.

¶ 10 Interpreting the statutes as the trial court did would render the language of § 13–604.02 superfluous—an interpretation, as the trial court noted, that we have a duty to avoid. *Tarango.* Because the statutes are not in conflict, the trial court also erred in applying the rule of lenity. That rule applies only when a court determines that the language of a statute is "'susceptible to more than one interpretation.'" *Tarango,* 185 Ariz. at 210, 914 P.2d at 1302, *quoting State v. Pena,* 140 Ariz. 545, 550, 683 P.2d 744, 749 (App.1983), *approved,* 140 Ariz. 544, 683 P.2d 743 (1984). We conclude, therefore, that the trial court erred in ruling that respondent need serve only two-thirds of his sentence.

¶ 11 The petition for review is granted, and the trial court's order is vacated.

CONCURRING: DRUKE, Chief Judge, and FLÓREZ, Judge.

---

1. Although not necessarily determinative, we note that on April 4, 1997, the legislature amended § 13–604.02 as an emergency measure, expressly disapproving *Tarango* and affirming its original intent as enunciated in *State v. Behl,* 160 Ariz. 527, 774 P.2d 831 (App.1989) (statute requiring flat-time sentence controls over § 13–604, which renders defendant parole eligible after serving two-thirds of sentence). 1997 Ariz. Sess. Laws, ch. 34, §§ 2–4.