NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CLINTON JAMES DENNIS, *Petitioner*.

No. 1 CA-CR 13-0139 PRPC
FILED 06-12-2014

Petition for Review from the Superior Court in Maricopa County
Nos. CR2001-006104, CR2001-005754
The Honorable Arthur T. Anderson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Clinton J. Dennis, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judges Michael J. Brown, Jon W. Thompson, and Diane M. Johnsen
delivered the decision of the Court.

**PER CURIAM**:

¶1            Petitioner Clinton J. Dennis petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Michael J. Brown and Judges Jon W. Thompson and Diane M. Johnsen have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2            This matter involves two consolidated cases. In the first case, a jury convicted Dennis of eighteen felony sexual offenses committed against three different victims. The trial court sentenced him to an aggregate term of approximately two hundred years' imprisonment. In the second case, a jury convicted Dennis of possession of a dangerous drug and possession of drug paraphernalia. The trial court sentenced him to an aggregate term of 2.5 years' imprisonment. We affirmed Dennis's convictions and sentences in a consolidated direct appeal. *State v. Dennis*, 1 CA-CR 02-0209; 1 CA-CR 02-0239 (Consolidated) (Ariz. App. Jun. 26, 2003). Dennis now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3            Dennis argues the recent Supreme Court decisions of *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), constitute significant changes in the law that permit him to raise an untimely claim of ineffective assistance of counsel during the plea bargain process. In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. *Frye*, ___ U.S. at ___, 132 S. Ct. at 1407-08; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. In *Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. *Frye*, ___ U.S. at ___, 132 S. Ct. at 1408. Dennis argues that until these recent cases, Arizona did not recognize the right to effective assistance of counsel during the plea bargain process.

¶4            We deny relief. *Frye* and *Lafler* are not significant changes in the law as applied in Arizona. At the time Dennis claims he and his counsel were involved in plea negotiations, Arizona already recognized the right to effective assistance of counsel during the plea bargain process and that counsel must adequately communicate all plea offers to the defendant. *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000). Dennis could have raised this claim in his first petition for post-conviction relief in 2004. Any claim a defendant could have raised

in an earlier post-conviction relief proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).

¶5        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh