NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

OMAR LATEEF THOMAS, *Petitioner*.

No. 1 CA-CR 13-0234 PRPC

FILED 09-18-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR1989-009859
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Omar Lateef Thomas, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Andrew W. Gould and Judge
Samuel A. Thumma delivered the following decision:

---

**PER CURIAM**:

¶1          Omar Lateef Thomas petitions for review from the superior court's dismissal of his petition for post-conviction relief.  For the following reasons, we grant review and deny relief.

¶2          A jury convicted Thomas in 1990 of four counts of aggravated assault.  The superior court sentenced him to four concurrent terms of life imprisonment without a possibility of parole for twenty-five years. We affirmed Thomas's convictions and sentences on direct appeal.  *State v. Thomas*, 1 CA-CR 90-382 (Ariz. App. Apr. 14, 1992).  Thomas now seeks review of the summary dismissal of his latest successive petition for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Thomas argues his trial counsel was ineffective by failing to inform him of a plea offer and contends his first post-conviction relief counsel was ineffective by failing to discover and raise this issue in the first post-conviction relief proceeding filed in 1995.[1]   Thomas contends the decisions in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Missouri v. Frye*, 132 S.Ct. 1399 (2012), and *Ladler v. Cooper*, 132 S.Ct. 1376 (2012), constitute significant changes in the law that permit him to now assert these untimely claims.  We disagree.

¶4          Thomas's claims are precluded because he raised and/or could have raised these issues in prior post-conviction relief proceedings. In his earlier post-conviction relief proceeding, Thomas argued *Martinez*, *Frye*, and *Ladler* constituted significant changes in the law that permitted him to raise claims of ineffective assistance of his first post-conviction relief counsel.  Thomas also addressed the State's plea offer.  Thomas offers no explanation for his failure to raise his new claims of ineffective assistance of trial and post-conviction relief counsel in the prior proceeding.  Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).  None of the exceptions under Rule 32.2(b) apply here.

¶5          Moreover, *Martinez*, *Frye*, and *Ladler* are not significant changes in the law that permit Thomas to assert untimely claims of ineffective assistance.  In *Frye* and *Ladler*, the Court held that a defendant has a right to the effective assistance of counsel during the plea bargain process.  *Frye*, 132 S.Ct. at 1407-08; *Ladler*, 132 S.Ct. at 1384.  In *Frye*, the court

---

[1]          Counsel found no colorable claims for relief.

held that the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. *Frye*, 132 S.Ct. at 1408. *Frye* and *Ladler* are not significant changes in the law as applied in Arizona because Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargain process and that counsel must adequately communicate all plea offers to the defendant. *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000). Thomas's reliance on *Martinez* is also unavailing. In *Martinez*, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. The holding in *Martinez* simply means that a defendant can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel *if* he or she can first show either that the defendant had no counsel in the first post-conviction relief proceeding or that counsel in the first post-conviction relief proceeding was ineffective.

## CONCLUSION

¶6        For the reasons stated, we grant review and deny relief.

