NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHEN MICHAEL NARDI, *Petitioner*.

No. 1 CA-CR 13-0618 PRPC

FILED 2-5-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 91-00111
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Stephen Michael Nardi, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Patricia K. Norris, and Judge Randall M. Howe delivered the decision of the court.

**PER CURIAM:**

¶1        Stephen M. Nardi petitions this court for review from the dismissal of his notice of post-conviction relief.  We have considered the petition for review and, for the following reasons, grant review but deny relief.

¶2        A jury convicted Nardi of first degree murder and attempted first degree murder in 1991.  The trial court sentenced him to imprisonment for life with a possibility of parole after twenty-five years for first degree murder and a consecutive term of seven years' imprisonment for attempted first degree murder.  We affirmed Nardi's convictions and sentences on direct appeal.  *State v. Nardi*, 1 CA-CR 91-1165 (Ariz. App. Oct. 15, 1992) (mem. decision).  Nardi now seeks review of the summary dismissal of the notice of his second post-conviction relief proceeding.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Nardi argues the United States Supreme Court opinions in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), constitute significant changes in the law that permit him to raise untimely claims of ineffective assistance of trial counsel in state court.  We disagree.

¶4        In *Lafler*, the Court held that a defendant has a right to effective assistance of counsel during the plea bargaining process.  *Lafler*, 132 S.Ct. at 1384.  *Lafler*, however, is not a significant change in the law as applied in Arizona.  Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargaining process and that counsel must adequately communicate all plea offers to the defendant.  *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000).

¶5        In *Martinez*, the Court held:  "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Martinez*, 132 S.Ct. at 1320.  This holding simply means Nardi may seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either that he had no counsel in his first post-conviction relief proceeding or that counsel in his first post-conviction relief proceeding was ineffective.  *Martinez* does

not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings.

¶6      For the reasons stated, we grant review but deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama