NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT VAN KEUREN, *Petitioner*.

No. 1 CA-CR 13-0684 PRPC

FILED 3-3-2015

Appeal from the Superior Court in Yavapai County
No. P1300CR 930461
The Honorable Cele Hancock, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Steven A. Young
*Counsel for Respondent*

Robert Van Keuren, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D,** Judge:

¶1 Petitioner Robert Roy Van Keuren petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 A jury convicted Van Keuren of kidnapping and two counts each of sexual assault and aggravated assault. The trial court sentenced him to an aggregate term of forty-eight years' imprisonment and we affirmed his convictions on direct appeal. *State v. Van Keuren*, 1 CA-CR 94-0869 (Ariz. App. Feb. 6, 1996) (mem. decision). Van Keuren now seeks review of the summary dismissal of his third petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Van Keuren argues his trial counsel was ineffective during the plea negotiation process and that his first post-conviction relief counsel was ineffective when he failed to raise this issue in Van Keuren's first post-conviction relief proceeding. Van Keuren contends the Supreme Court decisions of *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), and *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), constitute significant changes in the law that allow him to raise these claims even though they are untimely.

¶4 We deny relief. In *Frye* and *Lafler*, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. *Frye*, ___ U.S. at ___, 132 S.Ct. at 1407-1408; *Lafler*, ___ U.S. at ___, 132 S.Ct. at 1384. In *Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. *Frye*, ___ U.S. at ___, 132 S.Ct. at 1408. *Frye* and *Lafler* are not significant changes in the law as applied in Arizona, however. Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargain process, and that counsel must adequately communicate all plea offers to the defendant. *State v.*

*Donald*, 198 Ariz. 406, 413, ¶¶ 14-17 (App. 2000). While we decided *Donald* after Van Keuren pled guilty, Van Keuren could have raised these issues pursuant to *Donald* years ago in a timely post-conviction relief proceeding. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply.

**¶5** Regarding *Martinez v. Ryan*, *Martinez* held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, __ U.S. at __, 132 S.Ct. at 1320. This simply means Van Keuren can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings.

**¶6** We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

3