NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARK MEACHAM, *Petitioner*.

No. 1 CA-CR 13-0776 PRPC

FILED 5-7-2015

Appeal from the Superior Court in Maricopa County
No. CR 1988-009053
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Mark C. Meacham, Buckeye
*Petitioner*

—————————————

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

—————————————

**W I N T H R O P**, Presiding Judge:

¶1             Petitioner, Mark C. Meacham ("Meacham"), petitions for review of the dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  After considering the petition for review, we grant review and deny relief for the reasons stated below.

¶2             After his first trial resulted in a mistrial, a second jury convicted Meacham of five counts of sexual assault in 1989.  The trial court sentenced him to an aggregate term of sixty-three years' imprisonment, and we affirmed his convictions and sentences as modified on direct appeal.  We simultaneously denied relief after our review of the denial of his first petition for post-conviction relief.  *See State v. Meacham*, 1 CA-CR 89-1249, 1 CA-CR 91-0187 PR (consolidated) (Ariz. App. Aug. 27, 1992) (mem. decision).  Meacham now seeks review of the summary dismissal of his second petition for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3             Meacham argues his trial counsel for his second trial was ineffective when counsel failed to inform him of a plea offer the State purportedly made before the second trial began.  Meacham claims he would have accepted the "10 soft [time]" offer had he known about it.  Meacham argues his counsel was also ineffective when he failed to explain to Meacham the risks of going to a second trial versus the benefits of accepting a plea offer.  This argument assumes there was a plea offer and that counsel was aware of it.

¶4             Meacham concedes he learned about the alleged "10 soft" offer in December 1990.  He even attempted to raise these same issues in 1990 in a supplement to his first petition for post-conviction relief.  Regardless, Meacham argues he is entitled to raise these claims in a successive, untimely petition for post-conviction relief based on the Supreme Court decisions of *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), both of which Meacham argues constitute significant changes in the law.  *See* Ariz. R.

Crim. P. 32.1(g), 32.2(b) (recognizing that preclusion does not apply to claims for relief based on a significant change in the law). In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. *Frye*, ___ U.S. at ___, 132 S. Ct. at 1407-08; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. In *Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. ___ U.S. at ___, 132 S. Ct. at 1408. Meacham also relies on this court's decision in *State v. Donald*, which also held that the right to effective assistance of counsel extends to the plea bargain process, and counsel must adequately communicate all plea offers to the defendant. 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000).[1]

**¶5**        We deny relief. Neither *Frye* nor *Lafler* are significant changes in the law. In both opinions, the Supreme Court acknowledged it was merely applying the existing law as defined in 1984 in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Frye*, ___ U.S. at ___, 132 S. Ct. at 1409; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. Further, the Supreme Court held in 1985 that the law announced in *Strickland* applied "to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, Meacham could have raised these claims and relied on Supreme Court precedent in his first post-conviction relief proceeding in 1990. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). We also note that we decided *Donald* in September 2000, nearly twelve years before Meacham initiated his second post-conviction relief proceeding. Meacham offers no explanation for why he did not present any issue pursuant to *Donald* in a timely fashion. Any *Donald* claim is, therefore, also precluded as untimely.

---

[1]        Meacham also relies on *Miles v. Martel*, 696 F.3d 889 (9th Cir. 2012); however, the Ninth Circuit vacated and withdrew this opinion. *Miles v. Martel*, 704 F.3d 1010 (9th Cir. 2012).

¶6        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama