NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EVERADO LOPEZ, JR., *Petitioner*.

No. 1 CA-CR 13-0867 PRPC

FILED 5-21-2015

Appeal from the Superior Court in Maricopa County
No. CR2003-014080-008 DT
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Everado Lopez, Jr., Kingman
*Petitioner*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

**W I N T H R O P**, Presiding Judge:

¶1         Petitioner, Everado Lopez, Jr. ("Lopez"), petitions for review of the dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  After considering the petition for review, we grant review and deny relief for the reasons stated below.

¶2         A jury convicted Lopez of the use of wire or electronic communication in a drug-related transaction and conspiracy to commit transportation of dangerous drugs for sale.  The trial court sentenced Lopez to an aggregate term of fifteen years' imprisonment, and we affirmed his convictions and sentences on direct appeal.  *State v. Lopez*, 1 CA-CR 04-0534 (Ariz. App. Nov. 17, 2005) (mem. decision).  Lopez now seeks review of the summary dismissal of his third successive petition for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3         Lopez argues his trial counsel was ineffective when he allegedly gave Lopez erroneous advice during plea negotiations.  We deny relief.  Lopez could have raised this issue in his prior post-conviction relief proceedings.  Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded.  *See* Ariz. R. Crim. P. 32.2(a).  None of the exceptions under Rule 32.2(b) apply here.

¶4         Lopez argues that *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), constitute significant changes in the law that allow him to present an untimely claim of ineffective assistance of counsel.  *See* Ariz. R. Crim. P. 32.1(g), 32.2(b) (recognizing that preclusion does not apply to claims for relief based on a significant change in the law).  In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process.  *Frye*, ___ U.S. at ___, 132 S. Ct. at 1407-08; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384.  *Frye* and *Lafler*, however, are not significant changes in the law as applied in Arizona.  Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargain

process. *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000).[1]

**¶5**     Lopez may, however, be able to seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *See Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1320 (2012). *Martinez*, however, does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings.

**¶6**     For the above reasons, we grant review and deny relief.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

---

[1]     Further, in both *Frye* and *Lafler*, the Supreme Court acknowledged it was merely applying the existing law as defined in 1984 in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Frye*, ___ U.S. at ___, 132 S. Ct. at 1409; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. In 1985, the Supreme Court held that the law announced in *Strickland* applied "to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).