NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GEORGE LOUIS BADERTSCHER, *Appellant.*

No. 1 CA-CR 16-0169
FILED 9-22-2016

Appeal from the Superior Court in Yavapai County
No. P1300CR201300909
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Stephen L. Duncan, Scottsdale
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Chief Judge Michael J. Brown joined.

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant George Louis Badertscher has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Badertscher was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, the revocation of Badertscher's probation and resulting sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** In late June 2014, Badertscher was placed on supervised probation after pleading guilty to theft of a means of transportation, a Class 3 felony. In August 2014, Badertscher's probation officer received a tip that Badertscher was in violation of his probation conditions. A probation search of Badertscher's house later that month revealed methamphetamine, related paraphernalia and a gun. Badertscher also signed a statement admitting to using methamphetamine and marijuana within the previous few weeks. Badertscher was arrested and, in a new case, charged with possession or use of a dangerous drug, a Class 4 felony; possession or use of drug paraphernalia, a Class 6 felony and two counts of misconduct involving weapons, each a Class 4 felony. As relevant here, Badertscher's probation officer filed a petition to revoke his probation, alleging Badertscher violated the following probation conditions: Standard Condition Nos. 1 (to maintain a crime-free lifestyle) and 12 (to not possess or use illegal drugs).

**¶3** In the new case, after pretrial disclosure and motion practice, and a plea offer that Badertscher rejected at a hearing held pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000), a four-day jury trial took place in January 2016. After being instructed on the law and hearing evidence and argument, the jury deliberated and found Badertscher guilty of all four counts. The State and Badertscher's counsel agreed that the guilty verdicts were an automatic violation of his probation.

**¶4** At disposition, the court revoked Badertscher's probation and sentenced him to a slightly mitigated sentence of 2.75 years in prison, with 106 days of presentence incarceration credit, to be served consecutively to the sentences in the new case. Badertscher timely appealed the revocation

of his probation and resulting sentence. This court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2016).[1]

## DISCUSSION

**¶5**     The record shows that Badertscher was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record provided contains substantial evidence supporting the revocation of his probation and resulting sentence. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within statutory limits and permissible ranges.

## CONCLUSION

**¶6**     This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, the revocation of Badertscher's revocation and resulting sentence are affirmed.

**¶7**     Upon the filing of this decision, defense counsel is directed to inform Badertscher of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Badertscher shall have 30 days from the date of the decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.