NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TODD WILLIAM COVEY, *Petitioner*.

No. 1 CA-CR 14-0672 PRPC
FILED 4-20-2017

Petition for Review from the Superior Court in Yuma County
No. S1400CR200800068
The Honorable Lisa W. Bleich, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED; REMANDED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Charles V. S. Platt

*Counsel for Respondent*

The Law Offices of Kelly A. Smith, Yuma
By Kelly A. Smith

*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**         Todd William Covey petitions for review of the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         A jury convicted Covey of attempted second degree murder, aggravated assault, and hindering prosecution. The superior court sentenced Covey to concurrent prison terms, the longest being 17 years on the conviction for attempted murder. This court affirmed the convictions, but remanded for resentencing on the conviction for hindering prosecution. *State v. Covey*, 1 CA-CR 09-0278, 2010 WL 2513385 (Ariz. App. Jun. 22, 2010) (mem. decision). On remand, the superior court imposed a presumptive five-year prison term for hindering prosecution and reaffirmed the concurrent 17 and 12.5-year prison terms on the other two counts.

**¶3**         Covey filed a timely petition for post-conviction relief, raising a claim of ineffective assistance of counsel. Specifically, Covey alleged his trial counsel misinformed him regarding the sentencing range he faced if convicted at trial, causing him to forego a favorable plea offer. The superior court held an evidentiary hearing at which both Covey and his trial counsel testified. The superior court thereafter denied relief on the claim, ruling Covey failed to establish prejudice because his 17-year sentence was still within the range he knew was possible if he went to trial.

### DISCUSSION

**¶4**         On review, Covey argues the superior court erred by ruling he failed to prove ineffective assistance of counsel from his counsel's failure to properly advise him of the sentencing range for the charges against him. We will not disturb a ruling on a petition for post-conviction relief absent a clear abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). An abuse of discretion occurs if the superior court misapplies the law or legal principles, or makes decisions unsupported by facts. *State v. Linares*, 241

Ariz. 416, 418, ¶ 6 (App. 2017); *see also State v. Moran*, 151 Ariz. 378, 381 (1986) (appellate court need not "honor a purported exercise of discretion which was infected by an error of law") (quoting *Abrams v. Interco Inc.*, 719 F.2d 23, 28 (2d Cir. 1983)).

**¶5**        To establish a claim of ineffective assistance of counsel, a defendant must prove his counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**¶6**        A defendant is entitled to relief if he proves he was prejudiced by ineffective assistance of counsel causing him to reject a favorable plea offer. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000); *see also Missouri v. Frye*, 566 U.S. 133, 145 (2012) (Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected). To establish prejudice on a claim of rejection of plea offer due to ineffective assistance of counsel,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

**¶7**        It is undisputed that Covey's counsel provided him erroneous advice relevant to his consideration of a plea offer from the State. Counsel informed Covey that the sentencing range he faced on the three charges was a minimum of 7 years to a maximum of 21 years, with a presumptive of 10.5 years. In fact, the actual sentencing range was a minimum of 10.5 years to a maximum of 35 years, with a presumptive of 15.5 years. Consequently, Covey was working with information that incorrectly minimized the risk he faced in going to trial when he rejected the State's plea offer that included a sentencing range of 5 to 15 years, with a presumptive of 7.5 years. Therefore, Corey proved the first requirement for a claim of ineffective assistance of counsel in plea bargaining — incorrect advice.

**¶8**        The second requirement for the ineffective assistance of counsel during plea bargaining is that but for the incorrect advice, the

Defendant can show there is a reasonable probability he would have entered the plea agreement, and the agreement would have been accepted by the court. In this case, the parties do not dispute that Defendant testified at the Rule 32 hearing that he would have taken the State's offer had his lawyer informed him of the correct sentencing range he faced in going to trial.[1] The trial court made no finding regarding whether Corey's testimony was credible on whether he would have accepted the State's offer, and whether the court would have accepted such a plea agreement.

¶9        If a trial court finds bad advice resulting in the rejection of a plea, then the last step is to determine if the defendant was prejudiced by rejecting the State's offer. In this case, the 17-year sentence imposed was two years longer than the maximum sentence that could have been imposed under the plea offer. Thus, the record establishes that Covey satisfied the last portion of the *Lafler* test for proving prejudice because "the . . . sentence . . . under the offer's terms would have been less severe than . . . the . . . sentence that in fact [was] imposed." 566 U.S. at 164.

¶10        In denying relief, the superior court noted that Covey's trial counsel admitted to providing him incorrect advice on the sentencing range, but found Covey failed to establish prejudice because the 17-year sentence imposed following trial was not "substantially longer or harsher than what was contained in the plea offer." Because this finding of no prejudice is contrary to law, the superior court abused its discretion in denying relief on this basis.

¶11        Because the superior court denied relief based solely on the length of the sentence imposed, the court did not decide whether Covey met his burden of establishing that but for the ineffective advice of counsel there was a reasonable probability that the plea offer would have been presented to the court and the court would have accepted its terms. These factual determinations are properly left to the superior court in the first instance. Accordingly, we vacate the order denying the petition for post-conviction relief and remand to the superior court for findings on the remaining issues with respect to the claim for relief; namely, would Covey had accepted the State's offer absent the incorrect advice, and if so, would the court have accepted the plea agreement.

---

[1]        Neither party has provided this Court with a copy of the Rule 32 hearing transcripts to review.

## CONCLUSION

¶12        For the foregoing reasons, we grant review and relief and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA