NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LINO ALBERTO CHAVEZ, *Petitioner.*

No. 1 CA-CR 15-0482 PRPC
FILED 11-16-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-005785-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Petitioner*

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Amicus Curiae Arizona Attorney General's Office*

Arizona Attorneys for Criminal Justice, Tucson
By David J. Euchner
*Co-Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

Federal Public Defender's Office, Phoenix
By Keith James Hilzendeger
*Co-Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**        Lino Alberto Chavez petitions this court for review from the dismissal of his petition for post-conviction relief of-right. In a concurrently filed opinion, we address another issue raised by Chavez.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In January 2012, Chavez was indicted with one count of first degree murder, a Class 1 dangerous felony, one count of robbery, a Class 4 felony, and one count of trafficking in stolen property, a Class 3 felony. The State alleged that Chavez drove a vehicle in which he and his codefendant fled after the codefendant stole a laptop computer. The victim died from injuries she sustained when she attempted to hang on to the vehicle as it sped away. Chavez pled guilty to one count of second degree murder, a Class 1 dangerous felony, and the superior court sentenced him to a presumptive term of 16 years' imprisonment.

**¶3**        Chavez filed a timely notice of post-conviction relief ("PCR") and his appointed Rule 32 counsel filed a notice of completion. Chavez then filed a *pro se* petition for post-conviction relief, which the superior court denied. Chavez filed a timely petition for review.

### DISCUSSION

**¶4**        Chavez claims his trial counsel provided ineffective assistance. To state a colorable claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below objectively

2

reasonable standards and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985).

**¶5**         Chavez first argues his trial counsel were ineffective because they failed to investigate and obtain evidence to support their arguments for why the superior court should find various mitigating circumstances for sentencing. However, Chavez does not identify what additional evidence counsel should have presented for the court's consideration. In its order dismissing Chavez's petition, the superior court explained that when it imposed the sentence it found all the mitigating circumstances Chavez identified in his petition even without additional evidence from counsel, and the court sentenced Chavez based on his version of the events. The court ultimately held "[a]ny supplements to the presentation by his attorneys at the time of sentencing would not have in any way altered the results." Therefore, even if his counsel's performance was somehow deficient, Chavez suffered no prejudice. *See State v. Salazar*, 146 Ariz. 540, 541 (1985) (when defendant fails to make a sufficient showing of prejudice, we need not determine whether counsel's performance fell below objectively reasonable standards).

**¶6**         Chavez also contends his counsel were ineffective during plea negotiations. A defendant is entitled to effective representation during plea negotiations with the State. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). To establish counsel's deficient performance during plea negotiations, a defendant must show counsel either (1) gave erroneous advice, or (2) failed to give information necessary to allow the defendant to make an informed decision regarding the plea agreement. *Id.* at ¶ 16. Chavez argues that if counsel had presented the State with more evidence showing he did not know his codefendant planned to steal the victim's laptop computer and that Chavez did not participate in the subsequent sale of that computer, the State might have made a better plea offer or charged him differently.[1] Such a contention is only speculation regarding what the State *might* have done in a hypothetical situation, and is therefore not sufficient to show prejudice. *See State v. Jackson*, 209 Ariz. 13, 17, ¶ 10 (App. 2004) ("[I]t is neither possible nor appropriate for a trial court to divine the terms of a previously unoffered plea agreement in order to determine the merits of a speculative claim of ineffective assistance of counsel in the plea bargaining process."). Furthermore, Chavez makes no argument that

---

[1]         The plea agreement permitted a sentence anywhere within the 10 to 22 years' imprisonment available on a conviction for second degree murder for a non-repetitive offender. A.R.S. § 13-710(A).

counsel gave him erroneous advice or failed to give him the information necessary to make an informed decision regarding the plea. *See Donald*, 198 Ariz. at 413, ¶ 16. Accordingly, Chavez's claim of ineffective assistance of counsel must fail.

**¶7**        Finally, Chavez argues the superior court abused its discretion when it imposed the presumptive sentence. We do not address this issue because Chavez did not raise it in the petition for post-conviction relief filed in the superior court. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

## CONCLUSION

**¶8**        We grant review but deny relief.

