NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

AARON PAUL SAMUELS, *Petitioner*.

No. 1 CA-CR 20-0463 PRPC
FILED 9-30-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2016-135177-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Dumond Law Firm PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1 Aaron Paul Samuels petitions for review from the superior court's order resentencing him. For the following reasons, we grant review but deny relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 A Grand Jury indicted Samuels in July 2016, on one count of second-degree burglary, a class 3 felony. The State alleged three historical prior felony convictions and that Samuels committed the offense while on probation. Samuels's prior convictions and the probation finding subjected him to being sentenced as a category 3 repetitive offender. *See* A.R.S. § 13-703(J) (sentencing range of 11.25–25 years). If Samuels agreed to plead guilty, the State offered to allege he was a category 2 repetitive offender. *See* A.R.S. § 13-703(I) (sentencing range of 6.5–16.25 years).

¶3 The superior court held a settlement conference and explained it would have likely imposed a sentence at the lower end of the category 2 range. Samuels rejected the State's offer because it entailed "too much time" for his involvement as "an accomplice in a steal/burglary case," and that a jury could acquit him. Samuels reiterated that he would agree to a plea if the sentence was "lower than 6[.5] . . . lower than 6 to 16." The State did not revise the offer, and Samuels proceeded to trial.

¶4 The jury found Samuels guilty and that he committed the offense while on probation. The superior court sentenced him to the presumptive term of 11.25 years' imprisonment—the lowest sentence available. The court also revoked Samuels's probation and sentenced him to a consecutive, presumptive one-year imprisonment term for the associated offense. We affirmed Samuels's conviction and sentence for burglary on direct appeal. *State v. Samuels*, 1 CA-CR 17-0242, 2018 WL 710241 (Ariz. App. Feb. 6, 2018) (mem. decision).

¶5 Samuels sought post-conviction relief, and the superior court appointed him counsel. His attorney found no colorable claims. Samuels

then filed a *pro per* petition, raising three issues: (1) the State improperly used Samuels's accomplice status to prove his liability at trial and as an aggravating factor for sentencing; (2) trial and appellate counsel provided ineffective assistance by failing to challenge the "double counting" of Samuels's accomplice status; and (3) trial counsel provided ineffective assistance by failing to discover his probation expired about 38 days before he committed the burglary. Samuels contended this last error "infected the entire process," including plea negotiations, going to trial, not testifying, and the imposed sentence.

¶6　　　The State disputed whether Samuels presented colorable claims related to his accomplice status but conceded his probation term expired before he committed the burglary. The probation finding required the superior court to impose at least the presumptive term, consecutive to any sentence resulting from his revoked probation. *See* A.R.S. § 13-708(C), (E). The superior court rejected Samuels's accomplice-status claims but set aside its on-probation finding and the corresponding sentence. The court reappointed counsel for post-conviction proceedings on the probation issue.

¶7　　　At a hearing on his petition, Samuels argued that the misinformation about his probation status influenced the State's plea offer and his decision to reject it. He then asked the court to vacate his conviction and sentence, reinstate the charge, and allow the parties to return to the plea-negotiation stage. The State acknowledged its routine practice of considering a defendant's probation status when formulating a plea offer. But it argued Samuels failed to establish prejudice because he presented no evidence suggesting the State would have extended a better offer.

¶8　　　The superior court found that Samuels proved defense counsel provided ineffective assistance and that the error prejudiced him. But the court rejected Samuels's request to return the parties to the plea-negotiation stage. The court stated that "[t]he record [did] not specifically identify the scope and range of plea negotiations," nor did it "indicate . . . that [Samuels] would in fact have accepted a plea offer." Despite "firmly believ[ing] that the plea negotiations in this case [we]re flawed and that negotiations would have been distinctly different (particularly from the State's bargaining position) if [the] allegation of 'on probation' was not considered by the State," the court could "only speculate about the effect on the negotiations" and "should not grant a windfall to [Samuels]." The court ordered Samuels to be resentenced consistent with its findings. Samuels then petitioned for a rehearing, which the court denied.

¶9        Samuels petitioned this court for special action, requesting clarification of what amounts to an appropriate remedy. He also asked us to order the superior court to direct the State to reoffer its original plea–allowing Samuels to accept the offer or negotiate for a better one. We declined jurisdiction "without prejudice to [Samuels] filing a petition for review or direct appeal following resentencing."

¶10        The superior court resentenced Samuels to the mitigated term of 7.5 years' imprisonment. Samuels now asks us to review the court's decision, asserting the court should have fashioned a remedy that returned the parties to the plea-negotiation stage. The State did not file a response to Samuels's petition. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.16(a)(1).

## DISCUSSION

¶11        Whether Samuels's attorney "rendered ineffective assistance is a mixed question of fact and law." *See State v. Denz*, 232 Ariz. 441, 444, ¶ 6 (App. 2013). We review the court's legal conclusions and constitutional issues *de novo*, but review rulings on a petition for post-conviction relief for an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). We will not disturb the court's findings of fact unless they are clearly erroneous. *Id.* at 180, ¶ 3.

¶12        The Sixth Amendment right to effective assistance of counsel extends to plea bargaining. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To show ineffective assistance of counsel, Samuels must show both deficient performance by counsel and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish prejudice in the rejection of a plea offer, a defendant must show a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer and declined to go forward to trial." *State v. Donald*, 198 Ariz. 406, 414, ¶ 20 (App. 2000) (cleaned up).

¶13        In his petition, Samuels contends the superior court found both *Strickland* prongs to be satisfied and are thus "not at issue." We disagree. The court found, and neither party disputed, that Samuels's attorney provided deficient representation by failing to ascertain his probation status. The court also found that this deficient performance prejudiced Samuels, "includ[ing] the current sentencing." Because the on-probation finding affected his sentencing range, the court ordered that Samuels be resentenced without the on-probation component. But the court found that Samuels failed to prove that he would have accepted a plea offer.

4

*See Donald*, 198 Ariz. at 414, ¶ 20. The court afforded Samuels an opportunity to present evidence on whether the State would have extended a more favorable plea offer, but he declined to request an evidentiary hearing. Samuels points to no other record evidence, and we have found none, that suggests the plea negotiation outcome would have been different had his attorney and the State known he was not on probation when he committed the burglary. The second *Strickland* prong is thus not satisfied, and Samuels is not entitled to relief.

**CONCLUSION**

**¶14**         Finding no abuse of discretion, we grant review but deny relief.

