NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

NEAL ARTHUR HERRELL, *Petitioner.*

No. 1 CA-CR 13-0068 PRPC

FILED 10-21-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2008-048902-001 DT
The Honorable Maria del Mar Verdin, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

D. Jesse Smith, Tucson
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Andrew W. Gould, and Judge Samuel A. Thumma delivered the decision of the court.

---

**PER CURIAM**:

**¶1** Neal Arthur Herrell petitions for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the following reasons, grant review and deny relief.

**¶2** A jury convicted Herrell of possession of marijuana, possession of drug paraphernalia, and two counts of misconduct involving weapons. We affirmed Herrell's convictions on direct appeal but remanded for resentencing based on the improper imposition of consecutive sentences. *State v. Herrell* ("*Herrell I*"), 1 CA-CR 09-0898, 2011 WL 2176464 (Ariz. App. May 26, 2011) (mem. decision). The trial court resentenced Herrell to a combination of concurrent and consecutive sentences for an aggregate term of twenty years' imprisonment; we affirmed those sentences in a second direct appeal. *State v. Herrell ("Herrell II")*, 1 CA-CR 12-0124, 2013 WL 85251 (Ariz. App. Jan. 8, 2013) (mem. decision). Herrell now seeks review of the summary dismissal of his first petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3** Herrell contends his trial counsel was ineffective because she advised that all sentences would run concurrently if he were convicted at trial. Herrell notes that the prosecutor and the court also told him his sentences would run concurrently if he were convicted at trial. Herrell claims he would have accepted the State's plea offer rather than proceed to trial if he had known he could receive consecutive sentences.

**¶4** To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant's rejection of a favorable plea offer due to trial counsel's failure to provide accurate advice about the relative merits and risks of the offer compared to going to trial is a cognizable claim of ineffective assistance

under Rule 32.9(c). *State v. Donald*, 198 Ariz. 406, 413, ¶ 14, 10 P.3d 1193, 1200 (App. 2000).

**¶5**        We deny relief, though, because Herrell suffered no prejudice. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). We have already determined on two previous occasions that there is no reasonable probability Herrell would have accepted the plea offer if anyone had told him he was exposed to consecutive sentences.

**¶6**        In his first appeal, Herrell asked us to vacate his sentences based on equitable and judicial estoppel because the State advised in pretrial proceedings that he could only receive concurrent sentences. *Herrell I*, 2011 WL 2176464, at *8, ¶ 37. Herrell also asked us to order the trial court to hold a hearing under *Donald*. *Id.* at *9, ¶ 42 n.12. In *Donald*, we held a trial court may hold a hearing to determine if the State must reinstate a plea offer to remedy ineffective assistance of counsel during the plea negotiation process. *Donald*, 198 Ariz. at 418, ¶ 44, 10 P.3d at 1205. We declined to order the trial court to hold a hearing pursuant to *Donald*, stating, "It is amply clear from the record before us that such a hearing is not called for because we are firmly convinced that [Herrell] was not interested in accepting the State's plea offer under any circumstance prior to trial." *Herrell I*, 2011 WL 2176464, at *9, ¶ 42 n.12.

**¶7**        In his appeal after resentencing, Herrell argued equitable and judicial estoppel barred the trial court from imposing a consecutive sentence for one of the counts of misconduct involving weapons because the State told Herrell at a settlement conference and a pretrial hearing that he could receive only concurrent sentences if he were convicted at trial. *Herrell II*, 2013 WL 85251, at *2, ¶ 7. In addition to holding that estoppel did not apply, we found Herrell suffered no prejudice. We stated, "To the extent that Herrell suggests had he known the sentences could be imposed consecutively, he would have accepted the plea offer, the record does not

support this claim. The record reflects that Herrell rejected the plea offer because he believed he would be successful in a motion to suppress or at trial, and he believed the offer 'ridiculous.'" *Id.* at *3, ¶ 12.

¶8         For the reasons stated, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh