NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

KEVIN DUSHAWN GRIFFIN, *Petitioner.*

No. 1 CA-CR 13-0273 PRPC
FILED 12-09-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2000-005452

The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kevin Dushawn Griffin, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1          Kevin Dushawn Griffin petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          Griffin pled guilty in 2001 to molestation of a child and attempted molestation of a child, both dangerous crimes against children. The trial court sentenced him to fifteen years' imprisonment for molestation and improperly placed him on a consecutive term of lifetime probation for attempted molestation. The trial court later corrected the term of probation to the legal maximum of five years. Griffin now seeks review of the dismissal of his fourth successive petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Griffin argues his trial counsel was ineffective during plea negotiations; the trial court should resentence him to a concurrent, presumptive term of imprisonment for attempted molestation; and his sentence for molestation of a child should not be a "flat time" sentence, but that he should be eligible for early release. We deny relief. Griffin could have raised all of these issues in a prior post-conviction relief proceeding. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2.a(2).

¶4          Griffin claims he is entitled to raise his claims of ineffective assistance in a successive petition for post-conviction relief based on the Supreme Court decisions of *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), both of which Griffin argues constitute significant changes in the law. In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. *Frye*, 132 S. Ct. at 1407-08; *Lafler*, 132 S. Ct. at 1384. In *Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. *Frye*, 132 S. Ct. at 1408. *Frye* and *Lafler* are not significant

changes in the law as applied in Arizona. Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargain process, and that counsel must adequately communicate all plea offers to the defendant. *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000).

**¶5**        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh