NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TIMOTHY RICHARD HIGGINS, *Petitioner*.

No. 1 CA-CR 21-0294 PRPC
FILED 12-21-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-115817-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**REVIEW GRANTED/RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Timothy Richard Higgins, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Peter B. Swann and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

**¶1**         Timothy Richard Higgins petitions this court to review the summary dismissal of his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure 33.1.[1] We will not disturb the superior court's ruling on a PCR petition absent an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         In March 2019, Higgins entered a plea agreement with the State in which he pled guilty to two counts of attempted child molestation, class 3 felonies and dangerous crimes against children ("DCAC"). Consistent with the plea-agreement terms, the superior court sentenced him to a presumptive term of ten years' imprisonment on Count 1, followed by lifetime probation on Count 2 to begin upon his release from prison.

**¶3**         Higgins timely filed a PCR notice, and the court appointed counsel to represent him. After PCR counsel found no colorable claims for relief, Higgins filed a *pro se* PCR petition. He asserted that his trial counsel was ineffective, his guilty plea was not voluntary, and his sentence illegal. After the State responded, the superior court found that Higgins's claims failed because the record showed that his attorney thoroughly explained the plea agreement, he entered the plea voluntarily, and the sentence followed Arizona law. As a result, the court summarily dismissed the petition.

**¶4**         On review, Higgins claims that counsel was ineffective and his pleas were involuntary because (1) his attorney failed to disclose to him all the evidence before beginning settlement negotiations with the State, (2) his attorney allowed another legal advocate to assist in the case, which "caus[ed] a conflict of interest and adversely affect[ed] his counsel's performance," (3) the legal advocate appeared fraudulently  and induced a

---

[1]         Effective January 1, 2020, our supreme court amended the post-conviction relief rules. The rules relating to defendants who plead guilty are now codified in Rule 33. The amended rules apply to all cases pending on the effective date unless a court determines that applying the amended rule would be infeasible or work an injustice. Because there were no substantive changes to the respective rules related to this decision, we apply and cite the current rules.

fraudulent plea agreement, and (4) his attorney failed to object to the imposition of an "illegal sentence."

¶5 Higgins fails to establish a colorable claim for relief on any claim. To prevail on an ineffective-counsel claim, a defendant must show both that counsel's performance was unreasonable and a reasonable probability that the result of the proceeding would have been different but for counsel's unreasonable performance. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶6 Higgins alleges that he could not access several CDs and certain portions of the record despite requesting the evidence from counsel. He also asserts that he continuously requested a jury trial but was repeatedly asked to attend settlement conferences. And he alleges his legal advocate's interests were adverse to his own. He then asserts that "because this affected the voluntariness of his plea, . . . [he] cannot be bound by his plea."

¶7 But Higgins fails to show how any of these allegations affected the voluntariness of his plea or how the result of the proceeding would have been different. The record reveals that the superior court conducted an adequate colloquy with Higgins. The court advised him of the evidence against him and the sentences he could face at trial, confirmed his counsel explained the agreement to him, and determined he understood the agreement and voluntarily entered the plea. At all times, Higgins said that he fully understood the agreement and was choosing to plead guilty. He only moved to withdraw from the plea agreement after being sentenced, and he raised the same arguments he presents here. Higgins failed to support his claims about his legal advocate with evidence as required under Arizona Rule of Criminal Procedure 33.7(e).

¶8 Finally, Higgins claims his sentence was illegal. He first asserts that, although the State filed an allegation under A.R.S. § 13-704, neither the plea agreement nor the sentencing order cited that statute. But the assertion that Higgins notes regarded only a count of resisting arrest, which was later dismissed and thus not part of the plea or sentence. He points to the same allegation to argue that he should not have been sentenced under A.R.S. § 13-705 for DCAC, but again, the allegation did not amend the indictment's two child-molestation counts.

¶9 In the plea agreement, the child-molestation counts were amended to counts of attempted child molestation, which called for sentencing under A.R.S. §§ 13-702, -705, -1001, and -1410. Higgins could

have received a sentence between 5 and 15 years for each count under these statutes. And under the plea agreement, Higgins was to receive between 6 and 11 years for Count 1 and lifetime probation for Count 2. He ultimately received a ten-year sentence with a probation tail, consistent with the statutory limits and the plea agreement. And because Higgins entered the plea agreement voluntarily, his sentence was not illegal.

¶10          Higgins states he is entitled to a hearing under Arizona Rule of Criminal Procedure 33.13, but to "mandate an evidentiary hearing, the defendant's challenge must consist of more than conclusory assertions and be supported by more than regret." *State v. Donald*, 198 Ariz. 406, 414, ¶ 21 (App. 2000) Higgins has not shown unreasonable conduct by his attorneys or that his plea agreement was involuntary or the sentence illegal. Thus, he has shown no error.

¶11          We grant review but deny relief.

