NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SARENA JEAN PACHECO, *Petitioner*.

No. 1 CA-CR 25-0117 PRPC

FILED 12-18-2025

Petition for Review from the Superior Court in Mohave County
Nos. CR-2022-00207, CR-2022-00208
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Sarena Jean Pacheco, Goodyear
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams, Judge Andrew M. Jacobs, and Judge Michael S. Catlett delivered the Court's decision.

---

**PER CURIAM**,

¶1          Petitioner Sarena Jean Pacheco seeks review of the superior court's order dismissing, after an evidentiary hearing, her petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2          In July 2022, Pacheco pleaded no contest to aggravated assault, a class 5 felony, and aggravated assault, a class 3 felony. The superior court placed her on three years of supervised probation. Two months later, the Adult Probation Department ("APD") petitioned to revoke Pacheco's probation, alleging she violated several conditions of probation. The APD twice supplemented its petition to revoke, alleging additional violations. The court appointed counsel to represent Pacheco for the probation revocation proceedings.

¶3          In March 2023, Pacheco entered a probation violation plea agreement, admitting she violated the condition that she "obey[] all laws" ("Term 1") by "committ[ing] the offense of Disorderly Conduct - Fighting." Pacheco recounted to the superior court a heated argument she had with her boyfriend at a campground managed by the U.S. National Park Service. She admitted engaging in disruptive conduct and acknowledged that police intervened, but stated no charges were filed.

¶4          Pursuant to the agreement, the State dismissed all other probation violation allegations, and the superior court had discretion to either reinstate Pacheco on probation or to revoke it and sentence her up to five years' imprisonment. After accepting the plea, the court turned immediately to disposition and sentenced Pacheco to consecutive prison terms of six months for the class 5 aggravated assault and 3.5 years for the class 3 aggravated assault.

**¶5**        Pacheco timely petitioned for PCR wherein she alleged ineffective assistance of counsel ("IAC"), newly discovered evidence, and due process violations. The superior court determined Pacheco was entitled to an evidentiary hearing on one IAC claim—that counsel failed to inform her the probation department had changed its recommendation from reinstatement of probation to prison in the final supplemental petition to revoke, and she would not have entered the agreement had she been aware of that information. The court summarily dismissed her other bases for relief.

**¶6**        Pacheco and her attorney from the revocation proceedings both testified at the hearing. The superior court found counsel's testimony—which included counsel's unequivocal and specific recollection he informed Pacheco the APD had changed their sentencing recommendation to prison—more credible than Pacheco's testimony. The court denied Pacheco's petition.

**¶7**        Pacheco filed a petition for review of the superior court's ruling. We grant review under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and Rule 33.16.

## DISCUSSION

**¶8**        We review the denial of a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶9**        On review, Pacheco argues the superior court erred by: (1) dismissing her IAC claim regarding the probation department's sentencing recommendation after the evidentiary hearing, and (2) summarily dismissing her claim that the court improperly relied on that recommendation.

## I.        Ineffective Assistance of Counsel

**¶10**        To prevail on an IAC claim, a petitioner "must demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 8 (2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). In the context of plea negotiations, Pacheco must show counsel "either (1) gave erroneous advice or (2) failed to give information necessary to allow [her] to make an informed decision whether to accept the plea." *State v. Donald*,

198 Ariz. 406, 413, ¶ 16 (App. 2000); *see also State v. Anderson*, 257 Ariz. 226, 233, ¶ 28 (2024). To show prejudice, Pacheco must demonstrate a reasonable probability that absent her attorney's deficient advice, she would have rejected the state's offer. *See Donald*, 198 Ariz. at 414, ¶ 20. Because the superior court held an evidentiary hearing, our review of the court's factual findings "is limited to a determination of whether those findings are clearly erroneous." *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993). When "the trial court's ruling is based on substantial evidence, this court will affirm." *Id.*

**¶11** The superior court did not abuse its discretion in rejecting Pacheco's IAC claim. The transcript of the evidentiary hearing supports the court's determination that Pacheco's attorney both informed her of the APD's prison recommendation and provided her with the report containing that recommendation. And we have no basis to disturb the court's credibility finding. *See State v. Solano*, 257 Ariz. 10, 13, ¶ 12 (App. 2024) (noting superior court is sole arbiter of witness credibility).

**¶12** Pacheco argues the superior court erred in finding her attorney credible because he gave vague answers to her questions and failed to disclose his interview notes with her. But when the court offered to continue the hearing to allow her time to obtain the notes, she declined the offer.

## II. Due Process

**¶13** Pacheco also argues the superior court erred in relying on the APD's sentencing recommendation, asserting it was based on false information that three new charges, including the admitted Term 1 violation, had been filed against her.[1] Pacheco appears to argue there was insufficient evidence she committed the Term 1 violation.

**¶14** We discern no abuse of discretion in the superior court's summary dismissal of Pacheco's claims, which we interpret as alleging violations of due process. *See State v. Grier*, 146 Ariz. 511, 515 (1985) ("Convicted defendants have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information."); *see also State v. Clark*, 249 Ariz. 528, 534, ¶ 18 (App. 2020)

---

[1] The APD's predisposition report on the second supplemental petition states that Pacheco "was cited" for the conduct underlying the Term 1 violation and the APD changed its recommendation to prison based on "recent events and the defendant's third set of new charges since being placed on probation."

(holding a conviction based on insufficient evidence necessarily deprives a defendant of a fair trial).

¶15      First, the Term 1 violation was predicated on Pacheco's promise to "obey[ ] all laws and not engag[e] or participat[e] in any criminal activity." The condition was not limited to "charged" conduct, and the probation officer had "reasonable cause to believe" Pacheco violated the condition. *See* Ariz. R. Crim. P. 27.6. Pacheco's admission to committing disorderly conduct was sufficient to support the superior court's finding that she violated Term 1. *See State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012) ("The state must prove a defendant violated a term of probation by a preponderance of the evidence.").

¶16      Second, the record does not show the superior court "relied on the false information [about Pacheco being charged] in passing sentence." *Grier*, 146 Ariz. at 515. The court acknowledged that Pacheco was not charged for the conduct underlying the admitted violation, and its decision to follow the APD's recommendation was based on its independent assessment of Pacheco's conduct along with other materials and statements provided in the case. Although Pacheco argues there was no evidence she was charged with any other crimes—not just the admitted disorderly conduct—the record does not reflect the superior court mentioned or otherwise considered those other alleged charges when it decided on a disposition.

## CONCLUSION

¶17      We grant review and deny relief.

