NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

BYRON M. HARRISON, JR., *Petitioner.*

No. CR 25-0453 PRPC

FILED 04-07-2026

Petition for Review from the Superior Court in Coconino County
No. S0300CR202000757
The Honorable Ted Stuart Reed, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Respondent*

Coconino County Legal Defender's Office, Flagstaff
By Joseph Carver
*Counsel for Petitioner*

―――――――――――――

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

―――――――――――――

**T H U M M A**, Judge:

¶1　　　　Petitioner Byron M. Harrison, Jr., seeks review of the superior court's order dismissing his first petition for post-conviction relief, filed under Arizona Rule of Criminal Procedure 32.1. For the reasons that follow, this court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　A jury convicted Harrison of possession of narcotic drugs for sale, a Class 2 felony; possession of dangerous drugs, a Class 4 felony; and possession of drug paraphernalia, a Class 6 felony, all committed in September 2020 in Flagstaff. Given Harrison's prior criminal history, the court sentenced him to concurrent prison terms, the longest of which was 14 years, properly awarding him 227 days of pre-incarceration credit. His convictions and sentences were affirmed on direct appeal. *See State v. Harrison*, 1 CA-CR 23-0065, 2023 WL 5977227, at *2 ¶ 11 (Ariz. App. Sept. 14, 2023) (mem. decision).

¶3　　　　In April 2024, Harrison filed a self-represented notice seeking post-conviction relief claiming: (1) ineffective assistance of counsel; (2) newly discovered evidence and (3) actual innocence. *See* Ariz. R. Crim. P. 32.1(a), (e) & (h). The court appointed counsel, who filed a petition in March 2025 asserting ineffective assistance of counsel. *See* Ariz. R. Crim. P. 32.1(a). The petition alleged that trial counsel failed to provide Harrison with all information necessary to make an informed decision regarding a plea offer.

¶4　　　　The court summarily denied Harrison's petition, finding that he "failed to show that the performance of [his] two attorneys fell below prevailing professional standards" and that neither attorney gave him erroneous advice nor failed to give him information needed to make an informed decision. The court did not address the claims he made in his self-represented petition. Harrison then filed a petition seeking review by this court.

## DISCUSSION

¶5        This court reviews the denial of a post-conviction relief request for an abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006) (citing cases). Harrison argues that, under Rule 32.1(a), his trial counsel was ineffective for failing to "explain relevant legal theories to [him] when necessary to correct [his] mistaken understanding of the law and evidence." He asserts that trial counsel failed to "explain constructive possession to him" when he "remained fixated on ownership," which he alleges constituted a failure to provide information necessary to make an informed decision regarding a plea offer.

¶6        "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *Bennett*, 213 Ariz. at 567 ¶ 21 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A defendant has a right to be informed of the consequences of accepting or rejecting a plea offer. *See State v. Donald*, 198 Ariz. 406, 413 ¶ 14 (App. 2000) (citing cases). Harrison has the burden to show trial counsel either gave him erroneous advice or failed to provide information necessary to allow him to make an informed decision whether to accept the plea offer. *Id.* at ¶ 16 (citing cases).

¶7        Harrison contends that, had trial counsel explained constructive possession to him, he would have accepted the plea agreement and claims that explaining to him his low likelihood of success at trial is not enough to be effective counsel. The record shows, however, that Harrison's trial counsel provided him with the information necessary to make an informed decision whether to accept or reject the plea offer and the consequences of rejecting it. Among other things, the transcript shows that trial counsel informed Harrison multiple times of the strength of the State's case against him, and that proceeding to trial was a "horrible idea." Trial counsel also informed Harrison of the significant prison sentence he faced if convicted at trial. After receiving this information, however, Harrison insisted on rejecting the plea offer and proceeding to trial.

¶8        Harrison has not shown that trial counsel provided him with erroneous advice or failed to provide him with information required to make an informed decision regarding his plea offer. Harrison was appraised of the strength of the case against him and the potential consequences of proceeding to trial. *See Donald*, 198 Ariz. at 413 ¶ 14 (citing cases). Trial counsel walked him through the strengths and weaknesses of the case, including evidence showing his possession of the drugs and

paraphernalia that police found. With that knowledge, Harrison rejected the State's plea agreement on two different occasions during a hearing and proceeded to trial. Harrison has not shown that the performance of trial counsel was deficient and thus has not shown the superior court erred in denying his petition for post-conviction relief.

## CONCLUSION

¶9          This court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR